UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LOUIS J. PETERSON, D.C.; LUTZ SURGICAL PARTNERS, PLLC; and NEW LIFE CHIROPRACTIC, PC, on their own behalf and on behalf of all others similarly situated, | Case No. 14-CV-2101 (PJS/BRT)  ORDER |
| Plaintiffs, | |
| v. | |
| UNITEDHEALTH GROUP INC.; UNITED HEALTHCARE SERVICES, INC.; UNITED HEALTHCARE INSURANCE COMPANY; and UNITED HEALTHCARE SERVICE, LLC, | |
| Defendants. | |

Karen Hanson Riebel and Kate M. Baxter-Kauf, LOCKRIDGE GRINDAL NAUEN P.L.L.P.; D. Brian Hufford, Jason S. Cowart, and William K. Meyer, ZUCKERMAN SPAEDER LLP; Anthony F. Maul, THE MAUL FIRM, P.C.; and Vincent N. Buttaci, John W. Leardi, and Paul D. Werner, BUTTACI & LEARDI, LLC; for plaintiffs.

Brian D. Boyle, Gregory F. Jacob, and Theresa S. Gee, O'MELVENY & MYERS LLP; and Timothy E. Branson and Erin P. Davenport, DORSEY & WHITNEY LLP; for defendants.

This matter is before the Court on defendants' motion to dismiss. Based on all of the files, records, and proceedings herein, and for the reasons stated on the record at the

January 23, 2015, hearing, defendants' motion to dismiss [ECF No. 39] is GRANTED IN PART AND DENIED IN PART as follows:

1. The Court finds that the authorization signed by each patient of plaintiff New Life Chiropractic, PC ("New Life") and quoted in paragraph 38 of the Amended Complaint does not assign the patient's right to receive benefits to New Life, but merely gives defendants permission to pay the patient's benefits directly to New Life.  As a result, New Life does not have standing to bring this action.  For that reason, defendants' motion to dismiss all claims brought by New Life is GRANTED, and those claims are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. The Court finds that the authorization signed by each patient of plaintiff Lutz Surgical Partners, PLLC ("Lutz") and quoted in paragraph 44 of the Amended Complaint does not assign the patient's right to receive benefits to Lutz, but merely gives defendants permission to pay the patient's benefits directly to Lutz.  As a result, Lutz does not have standing to bring this action.  For that reason, defendants' motion to dismiss all claims brought by Lutz is GRANTED, and those claims are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

3.  Defendants' motion to dismiss all claims brought by plaintiff Louis J. Peterson, D.C. is DENIED.

Dated: January 23, 2015         <u>s/Patrick J. Schiltz</u>
Patrick J. Schiltz
United States District Judge