UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LOUIS J. PETERSON, D.C., on behalf of Patients E, I, K, L, N, P, Q, and R, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTH GROUP INC.; UNITED HEALTHCARE SERVICES, INC.; UNITED HEALTHCARE INSURANCE COMPANY; and UNITED HEALTHCARE SERVICE LLC,<br><br>Defendants. | Case No. 14-CV-2101 (PJS/BRT)<br><br><br><br>ORDER |

Jason S. Cowart, D. Brian Hufford, and William K. Meyer, ZUCKERMAN SPAEDER LLP; Karen Hanson Riebel and Kristen G. Marttila, LOCKRIDGE GRINDAL NAUEN P.L.L.P.; Anthony F. Maul, THE MAUL FIRM, P.C.; Vincent N. Buttaci, John W. Leardi, and Paul D. Werner, BUTTACI & LEARDI, LLC, for plaintiff.

Gregory F. Jacob, Brian D. Boyle, and Theresa S. Gee, O'MELVENY & MYERS LLP; Timothy E. Branson and Erin P. Davenport, DORSEY & WHITNEY LLP, for defendants.

Plaintiff Louis Peterson, a chiropractor, brings this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001 et seq., against various United entities (collectively "United"). On behalf of eight of his patients, Peterson alleges that United, acting as the claims administrator for multiple health plans governed by ERISA, has wrongfully failed to pay certain of those patients' claims.

Instead, Peterson contends, United withheld the payments in order to offset alleged overpayments that United had made to Peterson on behalf of different patients enrolled in different plans.  Peterson alleges that these cross-plan offsets violate the terms of the plans and ERISA.

This matter is before the Court on the parties' cross-motions for summary judgment on two threshold issues, in particular (1) whether the relevant plans authorize cross-plan offsets and (2) whether Peterson may pursue this action on behalf of the patients who signed forms authorizing him to do so.  *See* ECF No. 65.

The first issue requires the Court to interpret the plans, a task that it must accomplish according to the framework set forth in *Finley v. Special Agents Mutual Benefit Association, Inc.*, 957 F.2d 617 (8th Cir. 1992).  One of the *Finley* factors that the Court must consider is whether United's interpretation of the plans conflicts with the substantive or procedural requirements of ERISA.  *Id.* at 621.  At oral argument, United argued that fiduciaries of the plans have directed United to engage in cross-plan offsetting, and that these directives should remove any concern that United's use of cross-plan offsets may conflict with ERISA.  Evidence regarding these directives is not in the record, however, and (because United did not clearly raise this argument until oral argument) the parties have not briefed how the existence of such evidence might affect the analysis under *Finley*.

For his part, Peterson contends that, if the Court were to be tempted to agree with United that its interpretation of the plans is reasonable, then Peterson should be afforded the opportunity to conduct discovery to determine whether there are other factors—such as a history of biased claims administration on United's part—that could help to persuade the Court that United's interpretation is an abuse of discretion. *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

In short, both parties have raised issues that might very well affect the Court's analysis of the *Finley* factors, thereby raising the specter of the Court having to do the analysis twice—once now and once after additional discovery and briefing. The Court would prefer to conduct only one *Finley* analysis based on all of the evidence that reasonably relates to that analysis. Accordingly, the Court will deny the parties' motions without prejudice and direct them to meet with Magistrate Judge Thorson to develop a plan for discovery of additional evidence relevant to the *Finley* factors. The parties should also work with Judge Thorson to propose a plan for bringing and briefing a new round of summary-judgment motions following that discovery.

With respect to the second issue—that is, Peterson's authority to bring this action on behalf of his patients—the resolution of that issue appears to turn on whether Peterson fully disclosed to his patients the potential conflict between Peterson's interests and the patients' interests. The record contains evidence of the authorizations

signed by the patients, but no evidence regarding what the patients knew about the potential conflict at the time that they signed those authorizations. Therefore, the parties should also work with Judge Thorson to develop a plan for discovery on this issue. Any disputes about that discovery—including any disputes about whether and to what extent the attorney-client privilege applies to any communications to the patients— should be presented to Judge Thorson in the first instance.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The parties' cross-motions for summary judgment [ECF Nos. 83, 89] are DENIED WITHOUT PREJUDICE.

2. The parties are directed to meet with Judge Thorson to develop a plan to conduct the discovery discussed in this order and to file renewed motions to resolve the Phase I issues identified in the pretrial scheduling order. The parties' renewed motions should be supported by full (and not merely supplemental) briefing.

Dated:  October 1, 2015

 s/Patrick J. Schiltz  
Patrick J. Schiltz  
United States District Judge