UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Louis J. Peterson, D.C., | Civ. No. 14-2101 (PJS/BRT) |
| Plaintiff, | |
| v. | |
| United Health Group Inc., United HealthCare Services, Inc., United HealthCare Insurance Company, and United Healthcare Service, LLC, | |
| Defendants. | |
| Riverview Health Institute, on its own behalf and on behalf of all others similarly situated, | Civ. No. 15-3064 (PJS/BRT) |
| Plaintiff, | |
| v. | **CONSOLIDATED AMENDED ORDER REGARDING PHASE I PROCEEDINGS** |
| UNITEDHEALTH GROUP INC., *et al.* | |
| Defendants. | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule will govern these proceedings unless modified pursuant to Local Rule 16.3.

Stipulated proposals to amend this Joint Order must establish good cause for the proposed amendment. Agreement between the parties is not sufficient. While a formal motion is not necessary if the parties agree on their proposals, only the Court may modify a scheduling order and the requirements of Local Rule 16.3 must be met.

This Joint Order has been prepared with the input of counsel for the parties and the parties are required to diligently work to meet the deadlines.

**AMENDED COMPLAINT**

1. Plaintiff Riverview Health Institute shall file an Amended Complaint in Civil Action No. 15-3064 (PJS/BRT) which is attached as Exhibit 1 to the Stipulation Regarding Amended Complaint (Doc. No. 45).

2. Defendants United Health Group, Inc., United Healthcare Services, Inc., United Healthcare Insurance Company, and Optum, Inc. shall file an answer to the Amended Complaint within 30 days of the Court's decision on United's Motion to Dismiss (Doc. No. 26), which has been fully briefed by the parties and heard by the Honorable Patrick J. Schiltz on November 16, 2015 (Doc. No. 44).

**CONSOLIDATION FOR PHASE I**

The parties agree and this Court orders that Civil Action No. 14-2101 ("*Peterson*") and Civil Action No. 15-3064 ("*Riverview*") are consolidated for purposes of Phase I discovery and briefing as set forth below.

**DISCOVERY AND MOTIONS – PHASE I**

    Patient Depositions in *Peterson* Case

    1.    Plaintiffs agree that for purposes of this Court's determination of whether a conflict of interest exists between the Eight Patients referenced in the Second Amended Complaint (Patients E, I, K, L, N, P, Q, and R) (the "Eight Patients") and either Dr. Peterson or his counsel, and whether the Eight Patients have given their express and informed consent to Dr. Peterson's pursuit of this action notwithstanding any such alleged conflict, the entire record of the disclosure made to the Eight Patients concerning the alleged conflict, and of their waiver thereof, will consist of (i) the authorized representative forms and supplemental authorized representative forms previously presented to the Court (Doc. 85-1, 85-3), and (ii) the following excerpts from each of the eight patient's engagement letters with counsel (previously produced to Defendants' counsel on October 14, 2015):

> United has asserted that there is an existing conflict between your interests and the interests of Dr. Peterson, on the theory that when United took an offset under your United Plan, it "paid" the benefits that were due and owing under that Plan, and applied those funds to a pre-existing debt owed by Dr. Peterson to another United Plan. Moreover, United asserts that because it has already "paid" any benefits due and owing under your United Plan, you have been relieved of any obligation to pay Dr. Peterson for his billed charges unless those charges exceed the amount of that "payment." United therefore believes that your interests are aligned with United's interests, in that both you and United have an interest in having United's offsets deemed to be "payments" of benefits under your United Plan.
> If you find the above arrangement acceptable, please sign the two originals of this letter and return one to us and retain the other for your records. We very much look forward to representing you in this matter.

>Very truly yours,
>[name and signature of counsel]

>I understand and agree to the engagement, described above, and I understand and waive any actual or potential conflict of interest between me and Dr. Peterson with regard to this engagement, to the extent that such a conflict is waivable. Dated this [date] day of [month], 2015.

>By: [name and signature of Eight Patients]

2. Defendants agree that they will not seek to depose the Eight Patients in the *Peterson* action on issues relating to their alleged conflict of interest with Dr. Peterson, or use the fact that they did not depose the Eight Patients to support any argument or position that they may take in this action with respect to the alleged conflict.

3. Defendants agree that (a) the disclosure by Plaintiff concerning his proposal to resolve the issue of patient depositions by disclosure of portions of the Eight Patients' engagement letters as set forth in paragraph 1, above, does not constitute a waiver by Plaintiff of any privilege that may apply to this issue; and (b) Plaintiff's production of those redacted Engagement Letters does not constitute a waiver by Plaintiff of any privilege that may apply to the redacted portions of those Engagement Letters.

Patient Depositions in *Riverview* Case

Defendants agree they do not seek any patient depositions in *Riverview* as part of Phase I discovery.

30(b)(6) Depositions

Plaintiffs' Rule 30(b)(6) depositions in both cases must be conducted by **January 29, 2016**. The parties have agreed that Plaintiffs will provide Defendants with a list of

4

30(b)(6) topics, which may be refined after reviewing documents produced by Defendants.

**OTHER PHASE I DISCOVERY**

1. Plaintiff will produce all assignments of benefits ("AOB") executed by the Patients in favor of *Riverview* by **November 13, 2015**.

2. Defendants will produce each of the plans which took offsets (i.e., the "Plan Bs") as referenced in the *Riverview* Complaint by **November 13, 2015**.

3. By **November 20, 2015**, Defendants will "take a first pass" at grouping the Plan Bs in *Riverview*, using the grouping in *Peterson* as a starting point. The parties must meet and confer about possible grouping of Plans for discovery and summary judgment purposes. A joint status report must be submitted to the Magistrate Judge by **December 15, 2015**, addressing the grouping of patients and plans for summary judgment in *Riverview*. A telephone status conference will be held on **December 21, 2015**, at 4:00 p.m. to confirm the parties' agreement on grouping in *Riverview*.

4. Defendants will immediately begin producing responsive Phase I documents in *Peterson* and all Phase I document production in *Peterson* and *Riverview* must be completed by **January 15, 2016**.

**NON-DISPOSITIVE MOTIONS**

Non-dispositive motions related to Phase I must be filed by **February 1, 2016**.

All non-dispositive motions must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1 and 37.1, and be in the form prescribed by Local Rule 37.2.

The "Meet and Confer" requirement should include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling **Melissa Kruger**, Courtroom Deputy/Judicial Assistant to Magistrate Judge Thorson, at 651-848-1210, prior to filing, except when all parties are in agreement that no hearing is required. Such an agreement must be expressly set forth in the notice of motion. If a hearing is scheduled, the parties must be informed, however, the moving papers, including the formal notice of motion, may be filed as provided by Local Rule 7.1.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission. All motions must be filed and served within the time periods set forth in this Order and the Local Rules.

## **INFORMAL DISPUTE RESOLUTION (IDR)**

Prior to scheduling any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. If an informal dispute resolution process is used, there is no transcript recording of informal proceedings, including telephone conversations. The matter is not briefed and declaration and sworn affidavits are not filed. Therefore, all parties must be in agreement to participate informally before the Court will consider IDR. If there is no agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.

If the parties agree to pursue the IDR process, the moving party, or the parties jointly, must electronically file a short letter setting forth the issue to be resolved. The

Court will review the letter and inform the parties whether IDR will be used. If IDR is used, the parties will be contacted by the Court to schedule a telephone conference and allow for position letters to be filed by each side.

If the parties wish to proceed with IDR in a manner other than that outlined above, the short letter must include a specific proposal for the Court to consider.

## **DISPOSITIVE MOTIONS**

The parties must follow the briefing schedule for Phase I dispositive motions as set forth below, unless otherwise ordered by the Court:

1. By **February 26, 2016**, Defendants must file their combined memorandum in support of their motion summary judgment on Phase I issues in *Peterson* and *Riverview*.

2. By **March 28, 2016**, Plaintiffs must file must file their combined memorandum in support of their motion for summary judgment and must, in the same memorandum, respond to Defendants' memorandum in support of their motion for summary judgment.

3. By **April 11, 2016**, Defendants must file a memorandum that responds to Plaintiffs' memorandum in support of their motion for summary judgment and may, in the same memorandum, reply to Plaintiffs' response to Defendants' motion for summary judgment.

4. By **April 25, 2016**, Plaintiffs may file a memorandum in reply to Defendants' response to Plaintiffs' motion for summary judgment.

5. Defendants' two memoranda together must not exceed 12,000 words. Plaintiffs' two memoranda together must not exceed 12,000 words.

Except insofar as this order is to the contrary, all memoranda must comply with the Federal Rules of Civil Procedure and Local Rules of the District of Minnesota. In addition, all dispositive motions must be scheduled, filed, and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1. When a motion, response, or reply brief is filed on CM/ECF, two (2) paper courtesy copies (three-hole punched and unstapled (and, if warranted, appropriately tabbed)) of the pleading and all supporting documents shall be mailed or delivered to Caryn Glover, Courtroom Deputy, contemporaneously with the documents being posted on CM/ECF.

Notwithstanding the foregoing, no party shall bring any other dispositive motion (on issues other than Phase I issues) while Phase I discovery is ongoing without first obtaining permission from the undersigned. Permission shall be sought by electronically filing a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

## HANDLING OF SEALED DOCUMENTS FILED IN CONNECTION WITH ALL MOTIONS

In connection with any motions filed with this Court, only those portions of a party's submission (e.g., memorandum of law, affidavit, and exhibits) that meet the requirements for treatment of protection from public filing (e.g., because they meet the standards articulated by Fed. R. Civ. P. 26(c)(1)(G) or a statute, rule or regulation prohibits disclosure) may be filed under seal.

Designation of material as confidential or protected by any party pursuant to a protective order during the course of discovery as the sole basis for filing the material under seal does not satisfy this requirement.

With respect to any submission filed with the Court that is sealed and posted on ECF with a placeholder, the sealed submission must be sent electronically or hand delivered to all parties and <u>hand delivered to the Court</u> the same day as the public documents are posted on ECF.

In addition to the Federal Rules of Civil Procedure and Local Rules, the parties must file in compliance with the Electronic Case Filing Procedures Guide.

Date:   November 25, 2015

<i>s/ Becky R. Thorson</i><br>
BECKY R. THORSON<br>
United States Magistrate Judge