## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Louis J. Peterson, D.C., | Civ. No. 14-2101 (PJS/BRT) |
| Plaintiff, | |
| v. | |
| UnitedHealth Group Inc., United HealthCare Services, Inc., United HealthCare Insurance Company, and United Healthcare Service LLC, | **ORDER FOR DISCOVERY CONFERENCE** |
| Defendants. | |

A telephone status conference was held on March 5, 2019, to discuss the schedule. Plaintiff seeks to have the *Peterson* case proceed as a proposed class action. Plaintiff has sought to amend the Second Amended Class Action Complaint. (Doc. No. 193.) Defendants oppose Plaintiff's motion. (Doc. No. 199.) The parties anticipate that Defendants will file "a motion to strike the class allegations" if an amended pleading is allowed. The parties jointly proposed that discovery not proceed in the *Peterson* case until after the motions are decided. This Court will not prolong the entry of an updated pretrial scheduling order and discovery plan pending the outcome of the motions filed or contemplated. Accordingly, the Court will move forward with a working discovery conference.[1]

---

[1] This does not mean that the Court will not consider proposals for how to tailor discovery or sequence events in the case to address the goals set forth in Rule 1. Indeed,
(Footnote Continued on Next Page)

A working discovery conference is set for **April 17, 2019, beginning at 9:00 a.m.** As discussed during the status conference, this Court appreciates that the litigation is complex; however, this Court also sees opportunities for the parties and their counsel to assist the Court in developing a discovery plan and scheduling order that comports with Rules 1 and 26 of the Federal Rules of Civil Procedure. The Court looks forward to working with the parties. Counsel for the parties are required to prepare for the working discovery conference as follows:

1. Prior to the conference, the parties must discuss the remaining issues in the case and the discovery that will be required to address those remaining issues. This does not mean that a party is required to respond to "contention interrogatories." Counsel, however, should be able—especially at this stage of the litigation—to discuss the claims and defenses that still apply following Phase I in order to have a meaningful meet and confer about the scope of discovery.

2. The parties have agreed to make their initial disclosures under Rule 26(a)(1) on or before **April 1, 2019**. This includes:

    a. the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

---

Footnote Continued From Previous Page
the very purpose of the working discovery conference is to tailor the scheduling order to the case.

    b.  a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

    c.  a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

    d.  for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

  3.  If a description by category and location of the documents is offered pursuant to Rule 26(a)(1)(A)(ii), the party need not provide actual copies of the documents by the above date; however, a schedule for the production of initial disclosure documents will be set. Any description of a category must be sufficient to help inform the parties about the nature the documents disclosed. The parties must also be prepared to discuss whether the documents encompassed in any category identified are within the disclosing party's possession and control.

  4.  The parties must exchange their written Rule 34 document requests by **April 10, 2019**. This requirement is intended to focus the parties on proportional written discovery. If requests are served (as opposed to informally exchanged) any response deadline will be set following the April 17, 2019 working discovery conference.

  5.  The parties must consider, prior to the conference, whether they presently anticipate obtaining discovery (including document discovery) via Rule 45 subpoenas.

6. The parties may serve other written discovery (interrogatories and requests for admission); however, any response deadline for any written discovery served will be set following the April 17, 2019 working discovery conference.

7. Prior to the conference, the parties must consider/review the discovery sought by another party in order to meaningfully discuss fundamental disagreements regarding the scope of discovery sought related to merits and class certification. This does not mean that the parties need to be prepared to discuss specific objections to each request.

8. Prior to the conference, the parties must further discuss updates to their plans and protocols for any electronic discovery in light of the parties' initial disclosures and written document discovery requests, including, but not limited to:

   a. Confirmation of the form or format for the production of documents following Phase 1 so document production can begin without any challenge to the format of production;

   b. The source/media/location of discoverable documents sought and whether identification, collection, or review of responsive documents will likely be burdensome or not proportional. If so, then the parties should discuss alternatives or options for addressing burden or proportionality;

   c. The parties should discuss whether specific technologies or procedures for document production or review can be applied to advance the goals of Rule 1 and burden or proportionality;

   d. The electronic discovery plan or protocol should cover necessary electronic discovery issues, but it also must be a practical tool for the parties when responding to document discovery requests; and

   e. Any proposals for an updated electronic discovery plan or protocol must be submitted to the Court by **April 15, 2019**. If the parties disagree on their proposals, they must include their separate proposals in a joint document.

9.  Prior to the conference, and after the document requests are exchanged or served, the parties must discuss whether they believe an early Rule 30(b)(6) deposition about document storage and sources (IT personnel) is necessary to achieve Rule 1's goals.

10. The working discovery conference will be held in a conference room. If a formal record on any issue needs to be made, the parties will move to the Courtroom, where an audio record can be made.

11. A person knowledgeable about electronic discovery must attend the conference in person or be available by telephone as a resource to the attorneys. This person will not be called upon directly by the Court but should serve as a resource for their sides' counsel during the working discovery conference.

12. At the conference, the parties must be prepared to discuss the scope of relevant discovery in light of the remaining issues in the case.

13. At the conference, the parties must be prepared to discuss proportionality in light of the remaining issues in the case and ways to address proportionality concerns. As counsel for the parties are well aware, Rule 26 requires discovery to be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b).

14. The parties must submit any proposed agenda items for the working conference by **April 15, 2019**, along with any other materials the parties believe will be helpful.

15. The parties are invited to jointly submit proposals and counterproposals to be incorporated into an amended pretrial schedule. All proposals must be submitted to the Court by **April 15, 2019**.

Date: March 8, 2019                    *s/ Becky R. Thorson*
                                                                  BECKY R. THORSON
                                                                  United States Magistrate Judge